Corey Day (father) appeals from the allowance of Tarra McAdoo's (mother) motion to decline jurisdiction, and the dismissal of his complaint for modification. He argues that a judge of the Probate and Family Court (probate court) abused her discretion by declining to exercise jurisdiction over this matter and leaving jurisdiction with the Pennsylvania court where the original custody determination entered. We affirm.
Background. The parties, who never married, met and dated in Pennsylvania, and then moved to Massachusetts in 2008. In April, 2011, the mother gave birth to the parties' twin girls while living in Massachusetts; in anticipation of the father's impending military deployment, two months after the children's birth, the mother moved with the children, with the father's consent, back to Pennsylvania where she would receive help from her family to care for the children.[2] In September 2011, the father joined the mother and the children in Pennsylvania. However, in April 2013, the father learned that he was assigned to a military base in Massachusetts; he relocated to Massachusetts while the mother and the children remained in Pennsylvania. The parties' relationship ended in January 2014.
In March 2014, the father initiated an action for custody and visitation in a Pennsylvania court as a result of not being allowed parenting time in Massachusetts. According to the parties' affidavits, the Pennsylvania court ordered joint legal custody of the children, awarded the mother primary physical custody, and granted the father parenting time alternating each month between Massachusetts and Pennsylvania (Pennsylvania order);[3] the father was ordered to pay weekly child support.[4] In July 2016, the mother moved with the children on a "trial" basis back to Massachusetts;[5] the parties then implemented an informal "rotating four and three" parenting schedule.
In March 2017, the father filed in the probate court a complaint for modification. In the complaint, the father sought to modify the Pennsylvania order by granting him temporary legal and physical custody of the children, and formalizing the rotating parenting schedule that the parties had been following for the previous ten months.[6] The mother filed a motion to decline jurisdiction pursuant to G. L. c. 209B, § 7, with a supporting affidavit,[7] and a motion to dismiss based on improper venue. The motion to decline jurisdiction was allowed, and the father's complaint dismissed, upon the judge's determination that the mother's and children's residence in Massachusetts for the previous ten months was "temporary in nature and not permanent." The judge concluded that the parties' failure to amend the Pennsylvania order to reflect a permanent relocation supported the "temporary nature" of the mother's presence in Massachusetts. The judge also found that the father filed his modification complaint only after learning of the mother's desire to return with the children to live in Pennsylvania. Because the only custody determination in effect was the Pennsylvania order, the judge declined to exercise jurisdiction over the matter.[8] The father appealed.
Discussion. The father argues on appeal that the judge abused her discretion in declining to exercise jurisdiction over this custody matter because Massachusetts is the children's "home state" as defined by G. L. c. 209B, also known as the Massachusetts Child Custody Jurisdiction Act (MCCJA).[9] We disagree.
"Under Massachusetts law, a court may exercise jurisdiction in a custody proceeding only under the provisions of G. L. c. 209B." Custody of Victoria, 473 Mass. 64, 68 (2015). "Under G. L. c. 209B, [§ 2,] the judge [is] required, first, to determine whether the court ha[s] authority to exercise jurisdiction, and second, if such authority exist[s], whether it should be exercised in the circumstances of th[e] case." Khan v. Saminni, 446 Mass. 88, 91 (2006), citing Custody of Brandon, 407 Mass. 1, 5-6 (1990). See G. L. c. 190B, § 2 (a ). "The Probate Court judge's decision to exercise jurisdiction under MCCJA is a discretionary one." Charara v. Yatim, 78 Mass. App. Ct. 325, 330 (2010), quoting Orchard v. Orchard, 43 Mass. App. Ct. 775, 779 (1997).
We conclude that the judge acted within her statutory authority in declining to exercise jurisdiction over the father's modification complaint. In this case, the judge was prohibited from modifying the Pennsylvania order, issued in substantial conformity with G. L. c. 209B,[10] absent a determination that the Pennsylvania court had declined jurisdiction, and that no court of the Commonwealth had assumed jurisdiction pursuant to the statutory prerequisites.[11] See G. L. c. 209B, §§ 2 (a ) (1)-(4), (e ). Cf. Adoption of Anisha, 89 Mass. App. Ct. 822, 828 (2016) (Tennessee declined jurisdiction over the custody decision allowing the Massachusetts probate court to assume it). "That Massachusetts may be the [children]s 'home state,' as defined by G. L. c. 209B, § 1, is not determinative of jurisdiction. Such a determination would serve only to allow the Probate and Family Court judge to exercise jurisdiction, pursuant to G. L. c. 209B, § 2 (a ), in the first place; it would neither compel the judge to exercise jurisdiction, nor prohibit the [Pennsylvania c]ourt from doing so." Khan, 446 Mass. at 95-96.
Even if Massachusetts assumed jurisdiction under § 2, the judge nonetheless was permitted to decline exercising jurisdiction when she found that Pennsylvania constituted a more convenient forum. See G. L. c. 209B, §§ 2 (a ), 7 (a ) (iii), 7 (b ). Specifically, the judge found that had the parties intended the mother's and children's move in July 2016, to be permanent, "they properly would have amended the Pennsylvania orders upon [the mother's] move, to reflect a permanent relocation to Massachusetts." As a result, it was reasonable for the judge to conclude that the Pennsylvania court should maintain jurisdiction over this custody matter.
We are satisfied that the judge's decision did not contravene the purposes of the statute, and we see no abuse of discretion in her allowing the motion to decline jurisdiction, and in dismissing the modification complaint. See L.L. v. Commonwealth, 470 Mass. 169, 185 n. 27 (2014).
Judgment affirmed.

The parties' affidavits differ as to how much time the children spent in Massachusetts after they were born. The father's affidavit claims it was one year; the mother's affidavit claims it was two months.

According to the father, the Pennsylvania order granted his current wife "physical custody" of the children during his periods of deployment. The judgment from that court is not included in the record.

The father averred that the mother consented to the "transfer of the child support assignment from Pennsylvania to Worcester County," and to the best of his knowledge that transfer was processed. There is no supporting evidence in the record.

According to the mother, she was required on four separate occasions to appear before the court in Pennsylvania due, presumably, to filings by the father. Eventually, she agreed to move to Massachusetts in an effort to "avoid further litigation" and to strengthen the father's relationship with the children. However, as a condition of the move, she would be permitted to return with the children back to Pennsylvania without interference by the father if, after a year, she could not "make it financially in Massachusetts." The judge found credible the mother's version of this "trial relocation."

The father's complaint for modification is not included in the record.

The father submitted his own affidavit, and one prepared by his current wife, in support of his opposition to the mother's motion to decline jurisdiction.

The judge ordered the mother to return to Pennsylvania within forty-five days, allowing the children to complete their academic school year; if the mother did not comply, the judge instructed that she would vacate the order and assume jurisdiction.

The "home state" of a child is defined as "the state in which the child immediately preceding the date of commencement of the custody proceeding resided with [her] parents, a parent, or a person acting as parent, for at least [six] consecutive months, .... Periods of temporary absence of any of the named persons are counted as part of the [six]-month ... period." G. L. c. 209B, § 1.

Pennsylvania derives its jurisdiction over custody proceedings from the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), which is reasonably comparable to G. L. c. 209B. See Kahn, 446 Mass. at 95 (three procedural components needed to satisfy the "substantial conformity" test); Umina v. Malbica, 27 Mass. App. Ct. 351, 356-357 (1989).

There is no evidence in the record that the probate court communicated or exchanged information with the Pennsylvania court. See G. L. c. 209B, § 7 (c ). See also Adoption of Anisha, 89 Mass. App. Ct. 822, 827-828 (2016) (MCCJA "encourage[s] communication, cooperation, and mutual assistance between courts and seek[s] to avoid jurisdictional competition and conflict").